Philadelphia Redevelopment Authority Appeal.

Argued April 25, 1969.   Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Paul Shalita,* with him *Milton Sharp,* for appellant.

*Samuel Smith,* with him *Mayer Horwitz,* and *Tabas, Smith & Furlong,* for appellees.

OPINION BY MR. JUSTICE COHEN, October 9, 1969:

Appellant, Philadelphia Redevelopment Authority, condemned appellees' land upon which Acme and First Pennsylvania Bank held parking easements. Subsequently, private negotiations led to a settlement of the claims of easement holders. Acme and First Pennsylvania did not come on the record as claimants when the board of view was appointed to determine compensation for the condemnation, or in the appeal to the court of common pleas. During the course of the trial the appellant informed the trial judge, who was sitting as both judge and jury, that the easement holders had been compensated by the authority for their interests and that the award to appellees should be diminished by the value of those easements. The trial court accepted testimony as to the value of the fee encumbered by the easements and unencumbered. The court valued the unencumbered fee as $196,000, which it awarded to appellees holding that "since there are no claimants other than the DiAmbrosios, the award of necessity must go to them solely." Appellant appeals the failure of the trial court to apportion the $196,000 damages between the fee and the easement interests.

These facts generate the following issue: When a condemnor compensates the holders of easement interests in the condemned property, who then do not appear as claimants in the proceedings to determine the amount of compensation due, should the trial judge apportion the total valuation between the fee owner and the condemnor who has extinguished the claims of the easement holders? No provision of the Eminent

Domain Code of 1964, P. L. 84, 26 P.S. §1-101 et seq. is directly applicable. However, the intent of Section 507 although not its specific language, 26 P.S. §1-507[1] and the judicial concepts of equity and fairness should have led the trial judge to apportion the damages between the fee interests and the interests satisfied by the condemnor.

The trial judge, when sitting as a judge and jury, must determine fair market value by evaluating the impact of all the interests in the property and then apportion the award among the holders of those interests. Eminent Domain Code, §507, 26 P.S. §1-507. However, if a claim is settled by the condemnor, the condemnor should not be required to pay to the remaining interests the value of the interests that the condemnor has satisfied. The court below refused to credit appellant with the value of the satisfied interests since the appellees were the only claimants on the record. Although appellees were the sole parties claiming as condemnees, they did not have a claim for the full value of the property. Nor need the connemnor come on the record as a claimant to have the value of the interests it satisfied deducted from the award for the total fee. It must, however, prove the existence and the value of the satisfied interests. Since the trial court had notice of the existence of the easement and the satisfaction of the claim based thereon,

---

[1] Eminent Domain Code of 1964, P. L. 84, §507, 26 P.S. §1-507 reads: "The claims of all the owners of the condemned property, including joint tenants, tenants in common, life tenants, remaindermen, owners of easements, and all others having an interest in the property, and the claims of all tenants, if any, of the property, shall be heard or tried together and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants entitled thereto."

the court should have awarded the sole on-the-record claimants only the apportioned value of their claim.

Judgment vacated and record remanded to the lower court with instructions to apportion the award.

Mr. Justice JONES took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The Act of June 22, 1964 (Spec. Sess.), P. L. 84, §507, 26 P.S. §1-507 (Supp. 1969) explicitly states that "The claims of all the owners of the condemned property, including . . . owners of easements, and all others having an interest in the property, . . . *shall be heard or tried together* and the award of the viewers or the verdict on appeal from the viewers shall first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants thereto." (Emphasis supplied.) In the case before us, the easement holders settled with the Redevelopment Authority and waived their right to damages; the only claimants before the court of common pleas were appellees, and that court followed what is in my view the policy of 26 P.S. §1-507 by awarding them the total value of the property.

The provision of the Eminent Domain Code which requires all claims to be "heard or tried together" aims at insuring that all claimants will be treated fairly by having the total value of the property and their interests in it vis-a-vis each other decided at the same time, by the same adjudicatory body. Of course, it was perfectly proper for appellant to settle with the easement holders for what it (and the easement holders) thought the easements were worth. But appellant should then have secured an assignment of rights from the easement holders, and, standing in their

shoes, should have participated in this litigation like any other claimant, starting with the hearing before the Board of Viewers. To allow appellant to do otherwise violates the "one hearing" policy of the Eminent Domain Code.

In my view, the decision of the trial court was correct; I dissent from the opinion of this Court and would affirm.